# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLUENCE ENERGY, LLC, a Delaware limited liability company,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>M/V BBC FINLAND, bearing International Maritime Organization No. 9593684 (the "Vessel"), its cargo, apparel, tackle, and appurtenances, etc. in rem,<br><br>　　　　　　Defendant. | Case No.: 3:21-cv-01239-BEN-JLB<br><br>**ORDER GRANTING JOINT MOTION TO RELEASE VESSEL**<br><br>[ECF No. 19] |

## I.  INTRODUCTION

Plaintiff FLUENCE ENERGY, LLC, a Delaware limited liability company ("Plaintiff") brings this verified complaint, *in rem*, against Defendant M/V BBC FINLAND, bearing International Maritime Organization No. 9593684 (the "Vessel"), its cargo, apparel, tackle, and appurtenances, etc., for breach of a maritime contract and negligence, seeking arrest and money damages. *See* Complaint, ECF No. 1 ("Compl.").

Before the Court is the Joint Motion brought by Plaintiff and Defendant[1] for an Order

---

[1]  As was the case with their previous appearances in this matter, Defendant's counsel's indicates their appearance in this case and with respect to the Joint Motion is

to release the Vessel from Arrest. ECF No. 19 (the "Joint Motion"). After considering the papers submitted, supporting documentation, and applicable law, the Court **GRANTS** the Joint Motion. ECF No. 19.

## II. BACKGROUND

The Court previously set forth a detailed recitation of the facts of this case, which it incorporates herein by reference. *See Fluence Energy, LLC v. M/V BBC Finland, bearing Int'l Mar. Org. No. 9593684*, 2021 WL 2895722, at *1-4 (S.D. Cal. July 9, 2021). Since the Court's order earlier today granting the Joint Motion to Appoint Alan Swimmer of National Marine Services as Substitute Custodian, ECF No. 18, the parties have submitted the instant Joint Motion to Release the Vessel from arrest, ECF No. 19. The Joint Motion is based on the Stipulation of Counsel of both parties and is brought pursuant to Rule E(5) of the Supplemental Rules of the Federal Rules of Civil Procedure governing admiralty or maritime claims. ECF No. 19 at 2-3. The grounds for the Joint Motion are that security agreeable to the parties has been provided, and the fees of the United States ("U.S.") Marshals Service have been paid. *Id.* at 3.

## III. LEGAL STANDARD

Federal courts possess exclusive jurisdiction over admiralty and maritime claims. U.S. CONST. art. III, § 2; 28 U.S.C. § 1333(1); *Ventura Packers, Inc. v. F/V Jeanine Kathleen*, 305 F.3d 913, 918 (9th Cir. 2002). The Federal Maritime Lien Act, 46 U.S.C. § 31342, entitles "a person providing necessaries to a vessel on the order of the owner or a person authorized by the owner," to (1) a maritime lien on the vessel; (2) bring a civil action in rem to enforce the lien; and (3) to pursue those rights without alleging or proving in the

---

limited to a special/restricted appearance pursuant to Rule E(8) of the Supplemental Federal Rules of Civil Procedure and does not constitute a general appearance, consent to service, or consent the jurisdiction of this Court. *See, e.g.*, Fed. R. Civ. P. Supp. Adm. & Mar. Cl. R. E(8) (providing that "[a]n appearance to defend against an admiralty and maritime claim with respect to which there has issued process in rem, or process of attachment and garnishment, may be expressly restricted to the defense of such claim, and in that event is not an appearance for the purposes of any other claim with respect to which such process is not available or has not been served").

action that credit was given to the vessel. 46 U.S.C. § 31342(a); *see also Ventura*, 305 F.3d at 919. "To commence an action in rem against a vessel, the plaintiff must file a verified complaint that describes the vessel 'with reasonable particularity' and states that the vessel 'is within the district' or will be so 'while the action is pending.'" *Barnes v. Sea Hawaii Rafting, LLC*, 889 F.3d 517, 529 (9th Cir. 2018). "If the plaintiff meets these conditions, the district court must take the boat into custody—unless the plaintiff requests otherwise—by issuing an arrest warrant to be served by the marshal." *Id.* (citing Fed. R. Civ. P. Supp. Adm. & Mar. Cl. R. C(3)(a)–(b), E(3)(b)).

## IV.   DISCUSSION

The Southern District of California's Local Rules governing *in rem* actions provide that once a Vessel is arrested pursuant to process issued by the Court, "the marshal must place one or more keepers thereon who must remain aboard until the vessel is released or disposed of pursuant to Rule E, unless otherwise ordered." S.D. Cal. Civ. R. E.1(c)(2). Accordingly, on Monday, July 12, 2021, the U.S. Marshals Service confirmed to Plaintiff that the Warrant of Arrest was executed on the Vessel over the weekend. *See* ECF No. 10. Due to safety issues with the Vessel, the U.S. Marshals Service was unable to take control of the Vessel, but in accordance with the Court's order, posted the Arrest Warrant, Complaint, and Order of the Court on the Vessel and has ensured the Vessel does not depart from its port without having to take over control of the Vessel.

"Once the district court issues warrants for the arrest of the vessels pursuant to Rule C, and the warrants are successfully served, jurisdiction is complete." *Barnes*, 889 F.3d at 529 (internal quotations omitted). "After the vessel is arrested, the owner is entitled to 'a prompt post-seizure hearing at which he can attack the verified complaint, the arrest, the security demanded, or any other alleged deficiency in the proceedings up to that point.'" *Id.* at 531 (citing, *inter alia*, Fed. R. Civ. P. Supp. Adm. & Mar. Cl. R. E(4)(f)). This hearing took place on Wednesday, July 14, 2021. *See* ECF No. 15.

"On motion of any party, made after notice to the marshal and all parties who have appeared, a judge may order that custody of the vessel be given to the operator of a marina

or similar facility, repair yard, or company regularly carrying on the business of ship's agent," upon a finding "that such firm or person can and will safely keep the vessel and has in effect adequate insurance to cover any liability for failure to do so." *Id.* Thus, on Friday, July 16, 2021, pursuant to the Joint Motion of the parties, ECF No. 16, the Court ordered appointment of such a substitute custodian, *see* Order, ECF No. 18.

"Any vessel, cargo, or other property in the custody of the marshal or other person or organization having the warrant may be released . . . upon . . . acceptance and approval of a stipulation, bond, or other security, signed by the party on whose behalf the property is detained or the party's attorney . . . if all costs and charges of the court and its officers shall have first been paid." FED. R. CIV. P., Supp. R. E(c). In admiralty cases, the Supreme Court has approved alternative forms of security as opposed to depositing the funds or transferring the vessel interest by allowing the parties to stipulate to the value of the vessel. *Hartford Acc. & Indem. Co. of Hartford v. S. Pac. Co.,* 273 U.S. 207, 218-19 (1927). "[A] stipulation is generally accepted as security if backed up by insurance covering the vessel's potential liabilities." 29-708 Moore's Fed. Prac.—Civ. § 708; *see also* 3 Benedict on Admiralty § 14, at 2–12 (7th ed. 2008). Such a stipulation coupled with a letter of undertaking qualifies as sufficient security. *See, e.g.*, *Chan v. Soc'y Expeditions, Inc.*, 123 F.3d 1287, 1294, n. 4 (9th Cir. 1997) (holding the defendants' "of undertaking, which remains in effect, is sufficient to perfect in rem jurisdiction in the absence of the ship's arrest"); *Complaint of Dammers & Vanderheide & Scheepvaart Maats Christina B.V.*, 836 F.2d 750, 753 (2d Cir. 1988) (approving use of a letter of undertaking from an insurer, "agreeing to assume any liability of the shipowners up to the stipulated amount" as security). Thus, "[i]f, . . . after commencement of suit, plaintiff accepts any written undertaking to respond on behalf of the vessel . . . sued in return for foregoing the arrest or stipulating to the release of such vessel . . . , the undertaking will become a defendant in place of the vessel . . . sued and be deemed referred to under the name of the vessel . . . in any pleading, order or judgment in the action referred to in the undertaking." S.D. Cal. Civ. R. C.1(a).

-4-

3:21-cv-01239-BEN-JLB

In this case, the parties stipulate to the following:

1. The claimant to the Vessel has provided security for the Vessel to Plaintiff, which Plaintiff has agreed to with respect to form and sufficiency.

2. The said form of security provided by the claimant to the Vessel to Plaintiff includes an obligation that the claimant will, upon demand by Plaintiff, file a claim to the Vessel and a restricted appearance in this action to defend the Vessel.

3. Plaintiff has paid the U.S. Marshals an amount to cover their fees in conducting the arrest and serving all required papers herein.

4. Plaintiff will serve a copy of this Order upon the U.S. Marshals.

ECF No. 19-1 at 2, ¶¶ 1-6.

Concurrently with their Joint Motion, the parties have submitted a Vessel Release Bond (the "Bond") to the Court in substitution for the Vessel, to secure the Vessel's liability, if any, in order to obtain the release of the Vessel from arrest and prevent the Vessel from being subject to any further attachment or arrest by Plaintiff. Thus, the Vessel, as principal, and United States Fire Insurance Company, a Delaware corporation authorized by the Secretary of Treasury of the United States to act as a security on official bonds under 31 U.S.C. §§ 9301-9306, as surety, post the Bond and bind themselves to pay any final judgment (after appeal, if any) that may entered against the Vessel, *in rem*, in favor of Plaintiff, or an agreed settlement amount, not to exceed the sum of $8,850,000.00, inclusive of interest and costs. Given the parties agree to the Bond, the Court grants the Joint Motion.

V. **CONCLUSION**

The Court, therefore, **ORDERS** that the Joint Motion for an Order to Release the Vessel from Arrest is **GRANTED**. As the United States Marshals' fees have been satisfied from the deposit paid by Plaintiff, the Vessel is released from custody of both or either the United States Marshals and the substitute custodian. Plaintiff will bear responsibility for any fees associated with the U.S. Marshals having to serve this order after hours.

**IT IS SO ORDERED.**

DATED: July 16, 2021

**HON. ROGER T. BENITEZ**
United States District Judge
3:21-cv-01239-BEN-JLB